## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN VAN ROY, SRINIVAS | : |
| BOLLIMPALLI, EGGERT | : |
| DAGBJARTSSON, AMIT DESAI, MARTIN | : |
| FRIEND, JOHN HAIGH, ARNOLD | : |
| LINDSETH, DINKAR MALLADI, LUIS | : |
| MARTINS, CIAMAC MOALLEMI, | : |
| PATRICK NGUYEN, VICTOR PACI, | : |
| JAYENDU PATEL, JOSEPH SCHMID, | : |
| ADEEB SHANA'A, BRETT SMITH, JOHN | : |
| TSITSIKLIS, DANIEL VAN ROY, EDWARD | : |
| VAN ROY, MARK VERSHEL, RICHARD | : |
| ZECKHAUSER, HARISH LECAMWASAN | : |
| as Trustee of the Lecamwasan Family Trust, | : |
| and ROEBUCK ASSOCIATES L.P., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :  C.A. No. 1:11-cv-00863-LPS |
| | : |
| SAKHR SOFTWARE CO. (K.S.C.C.), | : |
| FAHAD ABDULLAH MOHAMMED | : |
| ABDUL RAHMAN AL SHAREKH, | : |
| EXCUSE ME SERVICES, INC., SAKHR | : |
| STOCK, LLC, and STEVEN L. SKANCKE, | : |
| | : |
| Defendants. | : |
| | : |

John G. Day, Tiffany G. Lydon, Lauren E. Maguire, ASHBY & GEDDES, Wilmington, DE.
Daniel J. Lyne, Theodore J. Folkman, Ryan E. Ferch, MURPHY & KING, P.C., Boston, MA.
     Attorneys for Plaintiffs.

John L. Reed, R. Craig Martin, DLA PIPER LLP (US), Wilmington, DE.
David Clarke, Jr., DLA PIPER LLP (US), Washington, DC.
Jennifer A. Lloyd, DLA PIPER LLP (US), Austin, TX.
     Attorneys for Defendants.

## MEMORANDUM OPINION

July 8, 2014
Wilmington, Delaware

*Lewl P. Ass*

**STARK, U.S. District Judge:**

Pending before the Court is defendants Sakhr Software Co. (K.S.C.C.), *et al.*'s

(collectively "Defendants" or "Sakhr") Motion to Dismiss plaintiffs Benjamin Van Roy, *et al.*'s

(collectively "Plaintiffs") complaint pursuant to Rule 12(b)(1) for lack of subject-matter

jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(6) for failure to state a

claim upon which relief can be granted, and Rule 9(b) and the Private Securities Litigation

Reform Act ("PSLRA") for failure to plead fraud with sufficient particularity. (D.I. 27)  The

Court heard oral argument on the motion on December 6, 2013. (*See* D.I. 43)  For the following

reasons, the Court will grant in part and deny in part the motion.

## I.     BACKGROUND

This is a suit for alleged securities fraud under federal law, securities fraud under

Delaware law, common law fraud, and breach of contract brought by some of the former

shareholders of Excuse Me Services, Inc. ("EMS"), a software company, arising out of the

merger of EMS with Sakhr Software Co. (K.S.C.C.) ("Sakhr"), a Kuwaiti shareholding closed

company. (D.I. 1 ¶ 1)  Sakhr, which specializes in Arabic language translation, agreed to acquire

EMS (also known as Dial Directions), a company which specialized in mobile applications and

speech recognition technology. (D.I. 1 ¶¶ 12, 13)

The Complaint asserts seven causes of action: securities fraud under Section 10(b) of the

Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Sakhr, EMS,

and Sakhr Stock (Count I); a control person claim under Section 20(a) of the Exchange Act

against the Individual Defendants Steven L. Skancke and Fahad Al Sharekh (Count II); securities

fraud under the Delaware Securities Act against Sakhr, EMS, and Sakhr Stock (Count III); a

1

control person claim under the Delaware Securities Act against the Individual Defendants Skancke and Al Sharekh (Count IV); common law fraud against Sakhr, EMS, and Sakhr Stock (Count V); breach of contract for failure to indemnify against Sakhr (Count VI); and breach of contract for failure to convey the Merger Consideration against Sakhr Stock (Count VII).

Defendants make five arguments in support of their motion to dismiss. First, Defendants contend that Plaintiffs have failed to plead facts sufficient to show that any of the alleged misstatements made by Defendants were false statements of material fact. Second, Defendants argue that Plaintiffs have failed to plead any facts sufficient to show that any of the Defendants knew that the alleged misstatements were false when made. Based on these first two arguments, Defendants contend that the Court should dismiss all fraud-based claims (Counts I through V of the Complaint) for failure to state a claim under Rule 12(b)(6) and for failure to plead fraud with particularity under Rule 9(b) and the PSLRA.

Third, because the secondary "control person" Section 20(a) claim (Count II) requires a showing of primary liability under Section 10b (Count I), Defendants argue that dismissal of the Section 10b claim must lead to dismissal of the Section 20(a) claim as well. Fourth, upon dismissing the federal securities fraud claims (Claims I and II), Defendants argue that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss the Complaint as a whole. Fifth, and finally, Defendants argue that the Court does not have personal jurisdiction over individual defendant Fahad Al Sharekh (a Kuwaiti resident) and, therefore, all claims against Al Sharekh should be dismissed for lack of personal jurisdiction.

2

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim." *Samsung Elec. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction presents either a facial attack or a factual attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); Fed. R. Civ. P. 12(b)(1). A facial attack concerns an alleged pleading deficiency, while a factual attack concerns the actual failure of a plaintiff's claim to comport factually with the jurisdictional prerequisites. *See CNA*, 535 F.3d at 139.

Where the motion presents a facial challenge to the Court's jurisdiction, or one based purely on the allegations in the complaint, the Court must accept those allegations as true and may consider only the complaint and any documents upon which it is based. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Where subject matter jurisdiction is challenged based upon the sufficiency of jurisdictional fact, the Court is not required to attach any presumptive truthfulness to the allegations in the complaint but may consider matters outside the pleadings to satisfy itself that it has jurisdiction. *See id.*; *see also S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332 (3d Cir. 2012). In either case, Plaintiff bears the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

### B.    Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) directs the Court to dismiss a case when it lacks personal jurisdiction over the defendant. Determining the existence of personal jurisdiction

3

requires a two-part analysis. First, the Court analyzes the long-arm statute of the state in which the Court is located. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Next, the Court must determine whether exercising jurisdiction over the defendant in this state comports with the Due Process Clause of the Constitution. *See id.* Due Process is satisfied if the Court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable particularity, the existence of sufficient minimum contacts between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share,* 735 F.2d at 67 n.9; *see also Philips Elec. N. Am. Corp. v. Contec Corp.*, 2004 WL 503602, at *3 (D. Del. Mar. 11, 2004) ("After discovery has begun, the plaintiff must sustain [its] burden by establishing jurisdictional facts through sworn affidavits or other competent evidence.").

If no evidentiary hearing has been held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *O'Conner v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state."

4

*Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). On a motion to dismiss for lack of personal jurisdiction, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A court is always free to revisit the issue of personal jurisdiction if it later is revealed that the facts alleged in support of jurisdiction are in dispute. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009).

## C.    Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

     **D.**    **Rule 9(b)**

     Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The purpose of Rule 9(b) is to provide defendants with notice of the precise nature of the claim against them, not to test the factual allegations of the claim. *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Although date, place, and time allegations may fulfill the requirement of pleading with particularity, these types of allegations are not required to satisfy Rule 9(b), so long as the circumstances of the alleged fraud are pled sufficiently "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Id.*

6

## II.     DISCUSSION

### A.     Delaware Securities Fraud and Common Law Fraud

Under the Delaware Securities Act,

> It is unlawful for any person, in connection with the offer, sale or
> purchase of any security, directly or indirectly:
>
> (2) To make any untrue statement of a material fact or to omit to
> state a material fact necessary in order to make the statements
> made, in the light of the circumstances under which they are made,
> not misleading.

6 Del. C. § 73-201(2). "[T]o establish a violation of [this] section . . .[[1]], it must be demonstrated

that the defendant (1) made a misstatement or omission (2) of material fact (3) with scienter

(4) in connection with a purchase or sale of a security (5) upon which the plaintiff . . . relied and

(6) that reliance proximately caused the plaintiff's (or other person's) injury." *Hubbard v.

Hibbard Brown & Co.*, 633 A.2d 345, 349 (Del. 1993).

Under Delaware law, to prevail on a claim for common law fraud, Plaintiffs must show

that "(1) the defendant falsely represented or omitted facts that the defendant had a duty to

disclose; (2) the defendant knew or believed that the representation was false or made the

representation with a reckless indifference to the truth; (3) the defendant intended to induce the

plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the

representation; and (5) the plaintiff was injured by its reliance." *DCV Holdings, Inc. v. ConAgra,

Inc.*, 889 A.2d 954, 958 (Del. 2005).

Plaintiffs' Delaware securities fraud and common law fraud claims are required to be pled

---

[1]Redesignated as 6 Del. C. § 73-201 by 78 Laws 2011, ch. 175, § 122, eff. Nov. 14, 2011.
*See* 6 Del. C. § 7303.

with sufficient factual matter to state a claim to relief that is plausible on its face and with

sufficient particularity to satisfy Rule 9(b). *See Snowstorm Acquisition Corp. v. Tecumseh*

*Products Co.*, 739 F. Supp.2d 686, 708 (D. Del. 2010) ("Although a claim for common law fraud

is not subject to the heightened pleading standards of the PSLRA, it still must be pled with

particularity per Fed. R. Civ. P. 9(b)."); *Metro Commc'n Corp. BVI v. Advanced Mobilecomm*

*Technologies Inc.*, 854 A.2d 121, 147 (Del. Ch. 2004) (applying analogous Delaware Court of

Chancery Rule 9(b)). Although "Rule 9(b) requires that the circumstances constituting any

alleged fraud be stated with particularity[, c]onditions of the mind, notably scienter in a fraud

claim, may be averred generally." *Anglo Am. Sec. Fund, L.P. v. S.R. Global Int'l Fund, L.P.*, 829

A.2d 143, 149 (Del. Ch. 2003). However, "[w]hile . . . intent, knowledge and other condition of

mind of a person [may] be averred generally, to say Defendant knew or should have known is not

adequate." *Metro Commc'n Corp.*, 854 A.2d at 144 (internal quotation marks omitted). Instead,

"when a plaintiff pleads a claim of fraud that charges that the defendants knew something, it

must allege sufficient facts from which it can reasonably be inferred that this 'something' was

knowable and that the defendants were in a position to know it." *Abry Partners V, L.P. v. F & W*

*Acquisition LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006).

        Plaintiffs allege that Sakhr represented to Plaintiffs that there would be no "need for

Kuwaiti governmental review and approval before the Merger Consideration could be

distributed." (D.I. 1 ¶ 67) Plaintiffs refer, in particular, to the representations made in § 4.3(a) of

the Merger Agreement, which provides in relevant part:

>                 [N]o other action on the part of the Parent, the Merger Sub or their
>                 stockholders or members is necessary to authorize the execution,
>                 delivery and performance by the Parent . . . subject only to the

> adoption of the Agreement by the Parent and the filing of the
> Certificate of Merger with the Secretary of State of the State of
> Delaware.

(D.I. 28 Ex. C at 26)  Plaintiffs further rely on § 4.4, which states:

> No consent, waiver, order, authorization or approval of any
> Governmental Authority or any other Person . . . is required to be
> made, obtained, performed or given with respect to Parent in
> connection with the execution and delivery of this Agreement by
> Parent . . . except for the filing of the Certificate of Merger with the
> Secretary of State of the State of Delaware and the relevant
> authorities of other States in which Parent is qualified to do
> business.

(*Id.* at 27)  Plaintiffs also allege that the Information Statement omitted a material fact by not

listing Kuwaiti government approval as a Risk Factor.  (D.I. 1 ¶¶ 41-42)  Finally, Plaintiffs allege

that Sakhr's attorney made false and misleading statements to Plaintiff Adeeb Shana'a in a May

7, 2009 e-mail correspondence, in which Sakhr's attorney stated that "[t]here would be no

lengthy process involved" in a merger involving redistributing existing Sakhr shares (as opposed

to issuing new shares).  (*Id.* ¶ 20)

Defendants argue that these statements were neither false, nor material.  First, Defendants

argue that the May 7 email contained "non-actionable subjective analysis regarding the Kuwaiti

legal process."  (D.I. 27 at 14)  Next, Defendants challenge the materiality of the alleged

omission by pointing to several portions of the Information Statement which suggest that "certain

Kuwaiti filings would be required after Closing, that such process could take time, and that the

process would not be completed without cooperation from the Plaintiffs."  (*Id.* at 15)  Finally,

Defendants argue that because of § 4.4's language "and the relevant authorities of other States in

which Parent is qualified to do business," Plaintiffs should have expected that Kuwaiti

9

government approval would be needed.

Both sides' interpretations are reasonable. The alleged misrepresentations may be viewed as material misstatements; alternatively, they may be viewed as statements adequately couched in cautionary language to render them immaterial. In these circumstances, in reviewing a motion to dismiss, the Court must view the statements in the light most favorable to the Plaintiffs. Accordingly, upon accepting all well-pleaded allegations in the Complaint as true, and viewing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have sufficiently alleged material misrepresentations that could (if proven, along with the other elements of their claims) provide the basis for granting Plaintiffs relief.

Plaintiffs have failed, however, to plead adequately another essential element of their fraud claims: scienter. Although scienter may be averred generally, "when a plaintiff pleads a claim of fraud that charges that the defendants knew something, it must allege sufficient facts from which it can reasonably be inferred that this 'something' was knowable and that the defendants were in a position to know it." *Abry Partners V*, 891 A.2d at 1050.

Plaintiffs' scienter allegation is essentially that Defendants knew all along that the Kuwaiti government could reject the merger but did not disclose that fact and/or affirmatively represented the contrary position to Plaintiffs. The only factual allegation Plaintiffs provide to show that the alleged misrepresentation was knowable and Defendants were in a position to know this is an email from Steven Skancke, Sakhr Software USA's CEO, to Plaintiff Benjamin Van Roy. (*See* D.I. 28 Ex. E; D.I. 43 at 26-27) In this email, which was sent several months after the transaction occurred, Skancke responded to Van Roy's query regarding a delay in receiving the stock certificates, writing:

10

> It[']s a process and we waited to have all the docs from all the shareholders before we went to the [K]uwaiti government for validation of docs.
>
> We knew this from the beginning and aren't seeing it as delayed. For those who responded right away to the document request, it will seem like a long time though.

(D.I. 28 Ex. E)  At most, this email discloses that Skancke knew that "validation of docs" by the Kuwaiti government was a part of the process of transferring the stock certificates.  The email does not, however, show that Skancke – let alone each of the other Defendants – knew or could have known that the Kuwaiti government would conduct a substantive analysis of the merger and might prohibit the transaction.

Plaintiffs' allegation of scienter is essentially a "threadbare recital of" the scienter/knowledge elements of Delaware Securities Fraud and common law fraud.  Hence, the Court concludes that Plaintiffs did not plead Counts III and V with sufficient particularity and will, therefore, dismiss them.

Count IV (Control Person Liability) depends entirely upon liability being established under Count III.  (*See* D.I. 1 ¶¶ 87-88)  The dismissal of Count III, therefore, necessitates dismissal of Count IV.

### B.    Federal Securities Fraud Claim

To state a claim under Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, Plaintiffs must identify either false statements or statements rendered misleading by omission. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1328-29 (3d Cir. 2002).  The misstatements or omissions must also be "material," i.e., be "viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."  *Basic, Inc. v.*

*Levinson*, 485 U.S. 224, 231-32 (1988). For the reasons discussed in the section above, Plaintiffs have sufficiently pled that Defendants made material false statements or omissions.

In addition to proof of a misstatement of material fact, Section 10(b) and Rule 10b-5 require proof the defendant acted with scienter – i.e., an intention to deceive, manipulate, or defraud. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). Under the Private Securities Litigation Reform Act (PSLRA),

> in any private action arising under this chapter in which the
> plaintiff may recover money damages only on proof that the
> defendant acted with a particular state of mind, the complaint shall,
> with respect to each act or omission alleged to violate this chapter,
> state with particularity facts giving rise to a strong inference that
> the defendant acted with the required state of mind

15 U.S.C.A. § 78u-4(b)(2)(A). "To qualify as 'strong' . . . an inference of scienter must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc.*, 551 U.S. at 314.

"[P]laintiffs may establish a strong inference that the defendants acted with scienter either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 237 (3d Cir. 2004). Plaintiffs here attempt to establish a strong inference of scienter only by alleging facts that purportedly constitute strong circumstantial evidence of conscious misbehavior or recklessness. *(See* D.I. 1 ¶¶ 44-48)

"A reckless statement is a material misrepresentation or omission involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the

defendant or is so obvious that the actor must have been aware of it." *GSC Partners*, 368 F.3d at 239. "Of course, it is not enough for plaintiffs to merely allege that defendants 'knew' their statements were fraudulent or that defendants 'must have known' their statements were false." *Id.*

In alleging conscious misbehavior or recklessness, Plaintiffs point to the same email correspondence between Skancke and Plaintiff Benjamin Van Roy discussed earlier. (D.I. 28 Ex. E) For substantially the same reasons as discussed earlier, this email does not meet the "extreme departure from the standards of ordinary care" standard that Plaintiffs must satisfy in order to plead a §10(b) federal securities fraud claim. Because the email correspondence does not directly address the Kuwaiti government's approval of the merger, but simply the validation of the American stockholders' certificates, it does not support the inference that "no Kuwaiti governmental approval" was required before the merger could be finalized. (D.I. 33 at 24) As such, Count I (Securities Fraud) will be dismissed.

Because Count II cannot survive independently of Count I, Count II will also be dismissed. *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 284 (3d Cir. 2006) ("Section 20(a) of the Exchange Act imposes . . . liability upon one who controls a violator of Section 10(b). Under [this] provision[], the plaintiff must prove that one person controlled another person or entity and that the controlled person or entity committed a primary violation of the securities laws.").

C.    **Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3).  When deciding whether to exercise supplemental

jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the

litigation, the values of judicial economy, convenience, fairness, and comity in order to decide

whether to exercise jurisdiction over a case brought in that court involving pendent state-law

claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  "[I]n the usual case in

which all federal-law claims are eliminated before trial, the balance of factors to be considered

under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity –

will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at

n.7.  However, this is not "a mandatory rule to be applied inflexibly in all cases." *Id.*

Plaintiffs have asserted federal question jurisdiction based only on Counts I and II of the

Complaint.  As already explained, both of these counts will be dismissed for failing to meet the

PSLRA pleading standard.  Counts III-VII all raise state-law claims.  Counts III-V will also be

dismissed, leaving only Plaintiffs' breach of contract claims (Counts VI and VII).

Comity favors dismissal of this case without prejudice, to permit Plaintiffs to proceed

with their remaining claims in state court.  However, other factors the Court must consider point

in the other direction.  Judicial economy and convenience favor this Court retaining jurisdiction.

Plaintiffs have explained that it took nearly four months to effect service of process on the

Kuwaiti defendants via the Hague Service Convention.  (D.I. 33 at 28)  It took another two

months to receive proof of service from the Kuwaiti Ministry of Justice.  (*Id.*)  Plaintiffs contend

that refiling in Delaware state court will likely cause another six-month delay.  Convenience and

judicial economy are best served if this delay is avoided and another court does not need to

14

reinvest the time and resources that this Court has already put into this case.[2] Also important in the Court's calculus is the fact that Defendants do not object to the Court exercising its supplemental jurisdiction. (*See* D.I. 43 at 16-18)[3]

Plaintiffs have requested that the Court grant leave to amend their Complaint to assert diversity jurisdiction after dropping a non-diverse Plaintiff. Doing so will alleviate some of this Court's comity concerns and will not unduly prejudice Defendants.

Accordingly, with respect to Plaintiffs' Counts VI and VII, the Court will deny Defendants' motion without prejudice to renew in response to any amended complaint, and will permit Plaintiffs an opportunity to file an amended complaint.

## D.  Personal Jurisdiction over Individual Defendant Al Sharekh

Defendants argue that this Court does not have personal jurisdiction over the individual defendant Al Sharekh. Under Rule 4(k)(1)(C) of the Federal Rules of Civil Procedure, district courts may exercise personal jurisdiction over a party "when authorized by a federal statute." It is uncontested that under Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, this Court may assess its jurisdiction over Al Sharekh "on the basis of [his] national contacts" as opposed to his Delaware contacts. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002). However, the Court may only look to a defendant's national contacts when "the plaintiff's claim

---

[2]The Court also acknowledges that it has had the pending motion under consideration for quite some time now, making it even less appropriate to further delay Plaintiffs by requiring them to refile their claims in another court.

[3]Although Defendants' motion asks that the Court decline to exercise supplemental jurisdiction over Counts VI and VII (D.I. 27 at 25-26), during oral argument Defendants indicated that they no longer oppose the Court exercising supplemental jurisdiction over the breach of contract claims (D.I. 43 at 16).

15

rests on a federal statute authorizing nationwide service of process." *Id.* If a relevant federal

statute does not authorize jurisdiction, two requirements, one statutory and one constitutional,

must be satisfied in order for this Court to exercise personal jurisdiction over a non-resident

defendant. *See Reach & Associates, P.C. v. Dencer*, 269 F.Supp.2d 497, 502 (D. Del. 2003).

First, the Court "must determine whether there is a statutory basis for exercising jurisdiction

under the Delaware long-arm statute." *Id.* Second, "the Court must determine if an exercise of

jurisdiction would violate the nonresident Defendants' constitutional rights to due process." *Id.*

The Court has already found that Plaintiffs fail to meet the pleading standard under the

PSLRA for their federal securities fraud claim. Under Section 27 of the Securities Exchange

Act, this Court has national jurisdictional reach only with respect to claims arising under the

federal act. Because these claims have been dismissed, Plaintiffs' claim no longer "rests on a

federal statute authorizing nationwide service of process." *Pinker*, 292 F.3d at 369. Thus, the

Court may exercise personal jurisdiction over Al Sharekh only if doing so is consistent with the

Delaware long-arm statute and Al Sharekh's constitutional right to due process.

Under the Delaware long-arm statute,

> a court may exercise personal jurisdiction over any nonresident, or
> a personal representative, who in person or through an agent:
>
>> (1) Transacts any business or performs any
>> character of work or service in the State;
>>
>> (2) Contracts to supply services or things in this State;
>>
>> (3) Causes tortious injury in the State by an act or
>> omission in this State;
>>
>> (4) Causes tortious injury in the State or outside of
>> the State by an act or omission outside the State if
>> the person regularly does or solicits business,

16

> engages in any other persistent course of conduct in
> the State or derives substantial revenue from
> services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real
> property in the State; or
>
> (6) Contracts to insure or act as surety for, or on,
> any person, property, risk, contract, obligation or
> agreement located, executed or to be performed
> within the State at the time the contract is made,
> unless the parties otherwise provide in writing.

10 Del. C. § 3104(c).

Plaintiffs have not alleged any facts showing that Al Sharekh comes within any of the general jurisdiction provisions enumerated in § 3104(c). Instead, Plaintiffs claim that Al Sharekh's acts – not his mere status as a control person – are enough to bring him within the Court's personal jurisdiction. (D.I. 33 at 34) Plaintiffs, thus, attempt to allege specific jurisdiction under § 3104(c)(3) of the Delaware Long Arm Statute. Under this provision, a court has specific jurisdiction when a defendant "[c]auses tortious injury in this State by an act or omission in this State."

Here, although Plaintiffs do allege that a tortious injury was caused in this State, they fail to allege that Al Sharekh's acts or omissions leading to that injury took place in Delaware. All of the alleged misrepresentations or omissions committed by Al Sharekh took place in either Kuwait or Florida. Therefore, Plaintiffs do not plead sufficient facts to bring Al Sharekh within the scope of § 3104(c)(3) of the Delaware Long-Arm statute. Accordingly, all claims against Al Sharekh will be dismissed for lack for personal jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART

17

Defendants' motion to dismiss, and will provide Plaintiffs a limited opportunity to file an

amended complaint with respect to Counts VI and VII.  An appropriate order follows.