## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN VAN ROY, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :     C.A. NO. 11-863-LPS |
| | : |
| SAKHR SOFTWARE CO. (K.S.C.C.), et al., | : |
| | : |
| | : |
| Defendants. | : |

### MEMORANDUM ORDER

Pending before the Court is a Motion For Default Judgment (the "Motion") filed by

Plaintiffs Benjamin Van Roy, et al. ("Plaintiffs"). (D.I. 56) For the reasons discussed below, the

Court will GRANT Plaintiffs' Motion.

### BACKGROUND

This action stems from a merger between Sakhr Software Co., (K.S.C.C.) ("Sakhr"), a

Kuawaiti shareholding closed company, and Excuse Me Services, Inc. ("EMS"), a U.S. software

company. (D.I. 46 ¶ 1) Plaintiffs are several shareholders of EMS, including Benjamin Van

Roy; Van Roy is suing as both a shareholder of EMS and in his capacity as Representative of all

EMS shareholders. (*See* D.I. 57 at 1)

On October 2, 2009, Sakhr purchased 100% of EMS in an all-stock merger valued by the

parties at $14,000,000 (U.S.). (*Id.*) Under the terms of the merger agreement, EMS agreed to

merge with EXMS Holdings Corp., a U.S. company set up by Sakhr for the merger ("EXMS").

(D.I. 46 ¶ 35) EMS would be the surviving company and EXMS' common stock would be

converted into EMS common stock. (*Id.*) EMS' pre-merger common stock would be cancelled

in exchange for a right to receive Sakhr shares valued at $14,000,000 as consideration for the

1

merger. (*Id.*) Sakhr set up Sakhr Stock, LLC, a U.S. company ("Sakhr Stock"), to deliver the merger consideration, but later Sakhr later refused to deliver the shares. (*Id.* at ¶¶ 1-2)

Defendants initially asserted that Sakhr needed the approval of Kuwaiti governmental authorities before transferring the merger consideration. (*Id.* at ¶ 30) More than a year later, however, Defendants claimed Sakhr could not transfer the merger consideration because it could not provide sufficient proof for the Kuwaiti government of the pre-merger value of EMS. (*Id.* at ¶ 33)

On July 8, 2014, the Court dismissed Plaintiffs' claims for violations of § 10(b) of the Securities Act of 1934, of §§ 7303(2) and 7323(a) of the Delaware Securities Act, and common law fraud (based on alleged misrepresentations in the merger agreement). (D.I. 44) The Court also dismissed Plaintiffs' claims against Steven L. Skancke and Fahad Al Sharekh, two individual Defendants associated with Sakhr. (*Id.*) The Court gave Plaintiffs leave to amend their complaint with respect to the two surviving claims of breach of contract against Sakhr for failure to indemnify and against Sakhr Stock for failure to convey the merger consideration.

Plaintiffs filed their First Amended Complaint on July 23, 2014. (D.I. 46) Sakhr and Sakhr Stock failed to answer. On August 12, 2014, Defendants' counsel moved for leave to withdraw. (D.I. 47) The Court granted Defendants' motion on October 8, 2014, allowing Sakhr and Sakhr Stock 30 days to obtain new counsel. (D.I. 50) Defendants failed to meet this deadline and, on November 10, 2014, Plaintiffs requested entry of default. (D.I. 51) The Clerk entered their default on December 19, 2014. (D.I. 52)

On February 27, 2015, Plaintiffs filed a Motion for Default Judgment pursuant to Rule 55(b)(2), requesting that the Court enter an Order of Judgment for damages in the amount of $14,000,000.00 in favor of Plaintiff Benjamin Van Roy, as stockholder representative, against Sakhr Software Co. (K.S.C.C.), and damages in the amount of $10,108,086.26 in favor of

2

Plaintiffs against Sakhr Stock LLC, with prejudgment interest at the legal rate from November 23, 2010, with costs. (D.I. 56)

## LEGAL STANDARDS

Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. *See* Fed. R. Civ. P. 55(a). A party who defaults by failing to plead or defend does not admit the allegations in the claims as to the amount of damages. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3d Cir. 1992).

## DISCUSSION

The Court will grant Plaintiffs' Motion for Default Judgment against Defendants Sakhr Software Co. and Sakhr Stock. Plaintiffs seek to recover on a breach of contract claim arising from a 2009 merger agreement between EMS and Sakhr Software Co. Despite being properly served and informed about the proceeding, Defendants Sakhr Software Co. and Sakhr Stock have failed to answer the first amended complaint or "otherwise defend" themselves in this action. The Court provided an opportunity for these Defendants to retain counsel and warned that failure to comply would be considered failure to defend. The Clerk of Court entered default many months ago, and Defendants have not taken any action in response. As Plaintiffs explain in their papers (*see* D.I. 57 at 5-6), Plaintiffs will be prejudiced if a default judgment is denied, as they are denied any effective avenue for obtaining relief; there is no litigable defense, as Defendants are deemed to have admitted the well-pleaded factual allegations made by Plaintiffs and (by failing to file an answer) they have not asserted any affirmative defenses; and it appears Defendants have acted culpably, as they have failed to participate in this litigation after the Court

3

ruled on the motion to dismiss, notwithstanding the Court's warning that this could result in a default judgment. *See Turner v. Correctional Med. Servs., Inc.*, 262 F.R.D. 405, 407 (D. Del. 2009).

However, the Court is not persuaded that it should award the full amount of damages Plaintiffs seek. Plaintiffs request judgment be entered for Van Roy against Sakhr in the amount of $14 million, plus pre-judgment interest at the legal rate from November 23, 2010. Plaintiffs further request that judgment be entered for "plaintiffs" against Sakhr Stock LLC in the amount of $10,108,086.26, plus pre-judgment interest at the legal rate from November 23, 2010. Plaintiffs have not adequately explained why this would not inappropriately result in a double recovery. While there is an adequate basis in the record to support a judgment in the amount of $14,000,000, plus pre-judgment interest at the legal rate from November 23, 2010, the Court is not persuaded that it should also enter judgment in excess of an additional $10,000,000 as well.[1]

<h3 style="text-align:center">CONCLUSION</h3>

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1.     Plaintiffs' Motion for Default Judgment (D.I. 56) is **GRANTED.**

2.     Plaintiffs shall, no later than August 14, 2015, submit a proposed form of judgment order consistent with today's Memorandum Order.

Dated: July 31, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

[1] Without the benefits of the adversarial process, the possibility that the Court has misapprehended a position is likely increased. If Plaintiffs believe they have a proper basis for seeking reconsideration of the Court's determination with respect to damages, they are free to do so.

4